IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESSE LEE STEWART, JR. :
        Plaintiff :
         :
   vs. :    3:CV-09-1428
         :    (JUDGE VANASKIE)
STEVEN EVANS, et al., :
        Defendants :

MEMORANDUM

On July 23, 2009, Plaintiff, Jesse Lee Stewart, Jr., proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging constitutional violations as a result of alleged improper medical care during his incarceration. (Complaint, Dkt. 1.) The nine-named Defendants in this action include Judge Jeffrey A. Smith, Commisioner Mark Smith, Commissioner Doughlas Mclinko, Commissioner John Sullivan, Sheriff Steven Evans, Warden Donald Stewart, Thomas Shuster, Elissa Slotter, and Andrea Button. Along with the Complaint, Plaintiff also filed an application to proceed in forma pauperis. (Dkt. 2.) For the reasons stated below, Plaintiff's motion to proceed in forma pauperis will be granted, Judge Jeffrey A. Smith will be dismissed from this action, and Plaintiff shall be afforded the opportunity to amend his Complaint.

BACKGROUND

During the course of the last month, Plaintiff, Jesse Lee Stewart, Jr., proceeding pro se, has filed three actions in this Court. Each of Mr. Stewart's claims, in some

respect, involve his access to medical care during the course of his incarceration at the Bradford County Jail. On July 8, 2009, Stewart, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (No. 3:09cv01302; Dkt. 1.) Stewart sought an urgent injunction allowing him to be released from state court custody on a medical furlough on July 13, 2009. (Id.) A facial review of the Petition revealed that he had failed to exhaust state court remedies and this Court subsequently dismissed the claim without prejudice. (Dkt. 3.)

On July 22, 2009, Stewart filed a complaint pursuant to 42 U.S.C. § 1983. (No. 3:09cv1420; Dkt. 1.) Attached to the complaint were numerous documents including a proposed temporary injunctive order, a notice of intention, a declaration in support of a motion to proceed in forma pauperis, a Pennsylvania Superior Court request to proceed in forma pauperis, a writ of habeas corpus filed in the Pennsylvania Superior Court, three state petitions for furlough, and other documentation in support of his claim. (Id. at 1-25.) On July 27, 2009, Stewart filed an amendment to this complaint, and included two additional defendants in the action. (Dkt. 4.) On July 29, 2009, Stewart filed a notice with the Court requesting a stay of the case in hope of resolving the situation without the Court's involvement. (July 26, 2009 Letter, Dkt. 5.)

The matter under consideration now is Plaintiff's second 42 U.S.C. § 1983 action filed in this Court on July 23, 2009. (No. 3:09cv1428; Dkt. 1.) The complaint, although not

identical to his first section 1983 complaint, included many of the same attached documents. In addition to his Complaint, Petitioner also filed an application to proceed in forma pauperis. (Dkt. 2.) His motion to proceed in forma pauperis indicated:

> I am willing to pursue my claims in this action under the new provisions of the Prison Litigation Reform Act, understanding that pursuing my claim requires payment of a partial filing fee and deduction of sums from my prison account when funds exist until the filing fee of $350.00 has been paid in full.

(Dkt. 2, at 1.) Petitioner indicates that he is not presently employed at the institution, that he does not have any assets, and he does not receive income from any other source. (Id. at 2.) In addition to providing the details of his financial situation, Petitioner also avers that:

> [His] medical illness puts [him] in danger not only because [he] can die from them but because if the other prisoners should find out through way of a [sic] officer it will cause [him] harm. [I]t is bound to place [him] at danger and has among the system.

(Id.)

Plaintiff contends, "that there is an ongoing practice at the Brasdford [sic] county jail that indeed has been and is the bridge for dilliberate [sic] differences." (Dkt. 1, at 5.) Plaintiff avers that "he has been treated different by the county authority based upon his race of being black." (Id.) Plaintiff states that he was arrested in Bradford County on February 14, 2007, for writing a bad check in the amount of $300.00 and for "being in the car with an individual whom had fake cocain [sic] on himself the substance being baking

3

soda." (Id.) Plaintiff alleges that two of his co-defendants were taken into federal custody and received a lesser sentence, but because he was prosecuted in state court the state court unfairly sentenced him because they wanted him "to pay the price." (Id. at 6.) Plaintiff avers that when he was "offered to plead guilty to a theft by deception and simple possession in exchange to be released the plaintiff being ignorant to the sum of what the burden was and the fact that he was just purely innocent of all charges, was between getting out or remaining in jail." (Id.)

Plaintiff was sentenced to incarceration of between ten (10) months to twenty-three (23) months and twenty-nine (29) days. (Id.) He avers that "the severity of the punishment was way beyond the scope of writing a BAD CHECK in the amount of $300.00 and the plaintiff had never written a bad check in his life." (Id.) (emphasis in original).

> The plaintiff knows that he was discriminated against one because of his color being black and – because he chose to fight the alledged [sic] charges by himself, the plaintiff contends that he was told that by deputy sheriffs that will refuse to come forward and state it on the record.
> THIS POINT OF THE CLAIM CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT AND THE FEDERAL LAW STATES IT CAN NOT BE DONE.

(Dkt. 1, at 6) (emphasis in original). Plaintiff avers that the Bradford County Probation Department has wrongfully discriminated against him while he was trying to be released, by going to his common-law wife's home and not allowing him to go home because his

common-law wife had an outstanding $60.00 fine.  (Id.)  Plaintiff contends that he has received "a lot of vindictiv[e]ness" and that he has "by no means . . . been treated impartial or fair and the plaintiff can point to examples to prove so."  (Id.)

Plaintiff states that the "president judge" and Commissioner Sullivan were delivered a copy of the Plaintiff's medical condition marked confidential.  Commissioner Sullivan, however, purportedly forwarded the information to the Bradford County Jail.  (Id. at 7.)  Plaintiff avers that he signed

> a waiver allowing the jail physician to view the medical records after the
> above incident had taken place, based upon the fact that the plaintiff was told
> that if he allowed the facility physician to look at the records he would be
> permitted the furlough, however the plaintiff was not permitted the furlough
> and the plaintiff is going to attempt to submitt [sic] a third request for the judge
> to furlough him for the purpose of a medical leave.

(Dkt. 1, at 7.)  Plaintiff states that at a July 16, 2009 doctor's appointment the plaintiff met with doctors to discuss his medical condition and that the deputy refused to stand outside so that Plaintiff could have some privacy with the physician.  (Id.)  Plaintiff avers that the deputy told him that he would tell his co-workers about Plaintiff's illnesses and that he consequently violated "HIPPA LAW" and the "RIGHT TO CONFIDENTIALITY."  (Id.) (emphasis in original).  Plaintiff contends that he has many more scheduled medical appointments and

> at this time plaintiff seeks a temporary order allowing him to attend to his
> medical issues with grace and privacy, and it is the hope of the plaintiff that
> this court might see that the plaintiffs [sic] crimes have no such severity as to

> the severity of the plaintiffs [sic] life, and that this court may see that the
> plaintiff has been mistreated as far as the lower court giving him a sentence
> that is disproportionate to the nature of the crime. Wherefore the plaintiff
> prays that this court may find that the plaintiff be permitted to seek treatment
> in privacy for such issues that are life threatning [sic] issues that are better
> treated by the trained specialist, therefore the court may consider the
> illnesses [sic] serious based on the fact thatthey [sic] greatly change the
> quality of life for the Plaintiff and his intrest [sic] and time of liberty left, thus
> the plaintiff prays for injunction by court.

(Id. at 7.)

The second section of Plaintiff's Complaint is captioned "MEDICAL" and avers that "[t]he issue that revolves around the medical treatment and confidential law is intense and must shock ones thought how can this be allowed to go on in todays [sic] modern society." (Id. at 8.) Plaintiff's Complaint never identifies a diagnosis, but simply avers that he has been diagnosed with life threatening illnesses. (Id.) Plaintiff avers:

> The plaintiff would tell one person in confidence about his illnesses this
> person was from the Bradford county public defenders office by name of
> Cindy Henson, word quickly spread around the Bradford county courthouse
> that in fact the plaintiff was dying.
>
> The second individual whom would learn of the plaintiff being sick would be
> the probational [sic] officer by the name of Elissa Slotter whom said she did
> not believe the plaintiff and wanted proof as to all the plaintiffs [sic] medical
> records, the plaintiff refused based upon all of the intimate information that is
> in his medical records.

(Id. at 8.) Two weeks later, Plaintiff allegedly violated his parol and contends that he was "being shafted by the probation officer for not giving her the privilage [sic] to look into [his] medical records." (Id.) Plaintiff states that he was told that he had to open his medical file

6

to the Bradford County Probation Department or he would not be permitted to go on any medical furloughs, but that he does not believe that the Probation Department "has any right to intrude upon any persons [sic] medical file or [ ] record." (Id.) He states that his request for a medical furlough was denied by the Honorable Jeffrey A. Smith without a true investigation as to the Plaintiff's claims of serious medical problems. (Id.)

> Plaintiff requests the following relief:
>
> 1. To make a ruling on the plaintiffs request for urgent injunctive relief and to weigh the severity of the plaintiffs [sic] bad check to the severity of the plaintiffs health that is at hand[.]
> 2. [T]o stop the Bradford county prison board from using an unconstitutional form of deprivation for medical treatment and allow prisoners to be treated for eye doctors and receive tooth fillings from dentist instead of only being permitted to have teeth pulled[.]
> 3. [T]hat the officers not be allowed to handle such intimate medications or dispurse [sic] them to prisoners because the name of the medication states what is wrong with the prisoner.

(Id. at 3.)

DISCUSSION

A. Standard of Review

Pursuant to 28 U.S.C. § 1915A(a): "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." While screening the complaint, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the

7

complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

B.  Absolute Immunity

It is well recognized that members of the judiciary are entitled to absolute immunity. Pierson v. Ray, 386 U.S. 547, 554 (1967). "Judges enjoy absolute immunity for the judicial actions taken in the course of judicial proceedings." Mierzwa v. United States, 282 F. App'x 973 (3d Cir. 2008) (citing Dennis v. Sparks, 449 U.S. 24, 27 (1980)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 769 (3d Cir. 2000) (citing Strump v. Sparkman, 435 U.S. 349, 356-57 (1978)). "Further, immunity will not be lost merely because the judge's action is 'unfair' or controversial." Id. (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

The aspects of Plaintiff's claim involving the Honorable Jeffrey A. Smith appear to be that Judge Smith denied Plaintiff's request for a medical furlough "with out [sic] any true investigation as to the plaintiffs claim to serious medical problems." (Dkt. 1, at 8.) The only other mention of a member of the judiciary occurs earlier in the complaint, and

alleges that "the president judge . . . [was] hand delivered . . . a copy of the plaintiffs medical condition." (Id. at 7.) Plaintiff, however, does not identify Judge Smith as the person who was hand delivered confidential copies of Plaintiff's medical records.[1] Given that the only allegation specifically against Judge Smith involves an action taken during the course of a judicial proceeding, and does not involve actions taken while acting in the "clear absence of jurisdiction," Judge Smith is entitled to absolute immunity. See Gallas, 211 F.3d at 769 (citing Strump, 435 U.S. at 356-57).

C. Sufficiency of the Complaint

"Under the Federal Rules of Civil Procedure the function of the complaint is to afford fair notice to the adversary of the nature and basis of the claim asserted and a general indication of the type of litigation involved." Cont'l Collieries v. Shober, 130 F.2d 631 (3d Cir. 1942). Federal Rule of Civil Procedure 8(a)(2) requires that, in order to state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," which "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Cop. v. Twombly, 550 U.S. 544 (2007) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). In this regard, "[a] party must state its

---

[1] Even if Judge Smith is the "president judge" referred to in the Complaint, Plaintiff fails to make any allegations against him. The Complaint alleges that Commissioner Sullivan shared the information, but does not make any allegations against the "president judge."

9

claims . . . in numbered paragraphs, each limited to a single set of circumstances" and, "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). Although pro se pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, the complaint must still put the defendants on notice as to the claims against them, and must include specific facts, not mere allegations, in support of the claims. Haines v. Kerner, 404 U.S. 519, 521 (1972); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (May 18, 2009) ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but has not 'shown' - 'that the pleader is entitled to relief'").

Plaintiff's Complaint does not meet the mandates of the Federal Rules, in part, because specific facts are not alleged against individual defendants. Factual allegations are required "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Twombly, 550 U.S. at 554) (internal citations omitted); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("The complaint will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the cause of action."). Other than Judge Smith, the only Defendants mentioned by name in the Complaint are Commissioner Sullivan, Cindy Henson, and Elissa Slotter. (Dkt. 1.) The

other Defendants are not mentioned in the Complaint, nor is their alleged role in Plaintiff's claim clearly defined. Consequently, the complaint does not adequately put the defendants "on notice of the essential elements of the cause of action" and Plaintiff will be directed to file an amended complaint. See Nami, 82 F.3d at 65.

Plaintiff will be afforded twenty (20) days within which to file an amended complaint. Plaintiff is directed to file a comprehensive amended complaint that sets forth his claims in short, concise, plain statements in sequentially numbered paragraphs. The amended complaint must be a new pleading which stands by itself without reference to the documents already filed. The amended complaint must be complete in all respects. Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992). It should identify the claim asserted, the defendants implicated, and the precise actions of each defendant that allegedly violated Plaintiff's rights. See Biercos v. Nicola, 860 F. Supp. 226, 236 (E.D. Pa. 1994) (affording pro se plaintiffs leave to amend an amended complaint, directing them to "file a comprehensive amended complaint which simply, concisely and directly states factual, not conclusory, averments of each Defendant's alleged violation(s) of Plaintiff's civil rights."); Meekins v. Collegan, No. 3:CV05-1394, 2005 WL 2133677, at *1 (M.D. Pa. Sept. 1, 2005). If Plaintiff wishes to include other documents along with the amended complaint, the documents should be labeled as exhibits and attached to the amended complaint. Plaintiff is further advised that failure to timely respond in the manner

explained above will result in the dismissal of this case.

CONCLUSION

For the foregoing reasons, Defendant Judge Jeffrey A. Smith will be dismissed from this action. Plaintiff shall be required to file an amended complaint with respect to all other Defendants.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESSE LEE STEWART, JR.  :
    Plaintiff  :
      :
vs.  :  3:CV-09-1428
      :  (JUDGE VANASKIE)
STEVEN EVANS, et al.,  :
    Defendants  :

ORDER

NOW, THIS 25th DAY OF AUGUST, 2009, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 2) is GRANTED.

2. Defendant Judge Jeffrey A. Smith is DISMISSED, WITH PREJUDICE.

3. Plaintiff shall file an Amended Complaint within twenty (20) days of the date of this order with regard to the remaining Defendants. Failure to do so will result in dismissal of this action.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge